UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-21757-CIV-GRAHAM/SIMONTON

AUSPECH, INC.,

    Plaintiff,
v.

WIRELESS DIGITAL GROUP, LLC
and ALBERT MITA,

    Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

This matter is before the undersigned Magistrate Judge upon the Plaintiff's Motion for Entry of Final Default Judgment, ECF No. [55].  The Motion is referred to the undersigned by the Honorable Donald L. Graham, the District Judge assigned to the case, ECF No. [58].  For the following reasons, the undersigned Denies the Motion for Entry of Final Default Judgment, without prejudice.

This matter was initiated when Plaintiff Auspech, Inc., filed a four Count Complaint against Defendants Wireless Digital Group, LLC ("WDG") and Albert Mita ("Mita") alleging Breach of Contract, Goods Sold, Account Stated and Unjust Enrichment, ECF No. [1].  In the Amended Complaint the Plaintiff alleges, *inter alia*, that Defendants WDG and Mita owe Plaintiff approximately $93,548.00 for goods sold to and received by the Defendants [11].  The Plaintiff seeks judgment against both Defendants and an award of damages, including incidental and consequential damages, late fees, interest, and such other relief that the court deems just and proper.

The record reflects that Defendant WDG was served with the Original Complaint in this action on July 17, 2013, and the Amended Complaint October 29, 2013, ECF Nos.

[23] [24].  WDG failed to file an answer or otherwise respond to the action, and following the filing of Plaintiff's Motion for Entry of Clerk's Default Against Defendant WDG, ECF No. [24], on April 28, 2014, the Clerk of Court entered a default against Defendant WDG, ECF No. [51].  The Plaintiff has now filed the instant Motion which seeks to have a final default judgment entered against WDG, ECF No. [55].

Prior to the instant Motion being filed, the Court granted summary judgment in favor of Defendant Albert Mita, who had filed an Answer and Affirmative Defenses to the action, ECF Nos. [40] [54].  The Plaintiff has filed a Motion for Reconsideration of the Court's Order granting summary judgment in favor of Mr. Mita, ECF No. [59].  That Motion is currently pending before the Court.

For the following reasons, the Plaintiff's Motion for Entry of Default Judgment against Defendant WDG is denied as premature.  In this action, the Amended Complaint is silent as to whether the Plaintiff seeks to hold the Defendants jointly and severally liable, yet it appears from the Amended Complaint that the liability alleged and damages sought against Defendant WDG are predicated upon the same actions that support Plaintiff's claims against Defendant Mita.  Similarly, the Motion for Entry of Final Default Judgment against WDG fails to state that there are no allegations of joint and several liability between the Defendants.  Thus, because the Plaintiff has sought review of the claims against Defendant Mita in its Motion for Reconsideration, it is possible that the matter could proceed to trial; and, the entry of final judgment against Defendant WDG at this time could result in an inconsistent finding of liability as well as damages. As such, a ruling on the Plaintiff's Motion for Entry of Final Default Judgment, ECF No. [55], is premature at this time. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872) (stating a final decree on the merits cannot be made separately against one of several defendants upon

a joint charge against all, where the case is still pending as to others); *Accord United States v. Gator Steel Buildings*, Inc., No. 4:12-cv-263, 2014 WL 840985 *5 (S.D. Ga. March 3, 2014) (citing *Frow* and withholding entry of judgment against defaulting defendant until determination of sums due by other defendants resolved).

Accordingly, for the reasons stated above, it is

**ORDERED AND ADJUDGED** that the Plaintiff's Motion for Entry of Final Default Judgment, ECF No. [55] is DENIED without prejudice. The Plaintiff may renew the Motion once the claims against Defendant Mita are resolved.[1]

**DONE AND ORDERED** in chambers in Miami, Florida on June 20th, 2014.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies furnished via CM/ECF to:**
The Honorable Donald L. Graham
    United States District Judge
All counsel of record

---

[1] The undersigned notes that the Court's Order granting the Motion for Summary Judgment in favor of Defendant Mita granted the Plaintiff leave to file a Motion for entry of final default judgment against Defendant WDG fourteen days after the entry of that Order, ECF No. [54] at 10-11. As stated above, the Plaintiff has now sought reconsideration of that Order. Accordingly, consistent with the Court's ruling, the Plaintiff may refile its Motion for entry of final default judgment within fourteen days of the resolution of the Plaintiff's claims against Defendant Mita, if appropriate. In addition, the undersigned notes that the amounts reflected in the invoices appended to the Amended Complaint appear to be inconsistent with those amounts sought in the Motion for Entry of Final Judgment. This appears to be so even when the payments purportedly made by the Defendants are subtracted from the invoice amounts. Therefore, the Plaintiff must include an affidavit of damages in support of its motion for entry of final judgment when and if that motion is renewed.